## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MICHAEL PALM, JAMES
FOGHORN, RAY MADRID,
CHRISTOPHER TORRES, SKIP
MARQUARDT, GUADALUPE
AVILA, JANET HILL-KING,
KAREN HERRERA, ANTHONY
CORDOVA, ERIC ALLEN,
MISTI CARMICHAEL, RENE
SWANBERG, DEBBIE
PADILLA, JOSEPH TRUJEQUE,
REYNA MARTINEZ, ROBERT
CANDELARIA, MICHAEL
LENDINO, DANIEL JANZEN,
STEPHEN PERKINS,
ANTHONY CANDELARIA, LEE
JONES, ADAM TORRES,
CLINTON CHRISTISON,
ENOCK ARVIZO, JUAN
MUNIZ, SHELLY BARTON, and
RODNEY HOGHES on their own
behalf and on behalf of all others
similarly situated,**

                                         **29 U.S.C. § 216(b) Collective Action**

       **Plaintiffs,**

**vs.**                                     **No. CIV 09-CV-397 LH-LAM**

**THE BOARD OF COUNTY
COMMISSIONERS OF
BERNALILLO COUNTY.**

       **Defendant.**

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT
## (29 U.S.C. § 216(b))

COME NOW Plaintiffs, on their own behalf and on behalf of all others similarly situated, by and through their counsel, **YOUTZ & VALDEZ, P.C.** (Shane Youtz and Brandt Milstein), and for their complaint against Defendant allege as follows:

1.      Plaintiffs, current and former employees of Defendant, are suing on behalf of a proposed class of all current and former Correctional Officers, Sergeants and Lieutenants who are or were employed by Defendant at the Bernalillo County Metropolitan Detention Center. Plaintiffs bring suit to recover back pay, compensatory, exemplary and punitive damages as a result of Defendant's failure to pay employees for all hours worked and for Defendant's failure to pay overtime wages as required by law.

2.      Plaintiffs bring this action under state wage and hour laws and the federal Fair Labor Standards Act (the "FLSA") (29 U.S.C. § 201 et seq.).

3.      Plaintiffs and other employees are non-exempt employees paid by the hour and are entitled to receive one and one-half times their hourly rate for work beyond forty hours per week under state and federal law.  Plaintiffs and other employees are or were employed by Defendant and did perform work for Defendant in the last three years.

**Jurisdiction and Venue**

5.      Defendant Bernalillo County is a municipal corporation located in New Mexico.

6.      At all times relevant hereto, Plaintiffs were residents of the State of New Mexico.

7.      Venue is appropriate in this Court.

8.      This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this cause of action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et seq.

## General Allegations

9.      Plaintiffs work (or worked) for Defendant as Correctional Officers, Sergeants and Lieutenants at the Bernalillo County Metropolitan Detention Center. Their duties include, *inter alia*, maintaining custody and control of inmates at the Detention Center, patrolling designated areas of the detention facility, controlling traffic to and from assigned areas, maintaining security and inspecting the facility to ensure the safety and security of inmates, taking periodic resident counts in the detention levels and arranging for and guarding work details.

10.     Plaintiffs and other employees are not permitted to leave their post maintaining control over inmates until they are relieved from their shift by another Correctional Officer, Sergeant or Lieutenant.

11.     Plaintiffs and other employees are scheduled and paid only through the end of their shift. For example, a principal shift in the facility ends at 7:00 p.m. However, Plaintiffs and other employees are consistently required to stay past the scheduled end time of their shift, until, for example, 7:30 p.m. or later when they are relieved by another officer. Plaintiffs and other employees are not compensated for this extra work time.

12.     This occurs because, upon arrival at the Detention Center, Plaintiffs and other employees scheduled to relieve other officers are required to report to a shift commander at the beginning of their shift. Those relief officers are then required to walk to the unit where they will relieve the officer whose shift is to end at the same time the

new officer's shift is scheduled to begin. This walk can take 5-6 minutes. Once the officer has arrived at his or her assigned unit, and before that officer can relieve the officer whose shift is ending, the new officer must check the inmate roster in the "pod" where he or she will work, and must enter the unit and count and account for each inmate in the unit. Only then may he or she actually relieve the officer whose shift is ending and only then may the relieved officer relinquish control over inmates and leave the unit. This process can take up to 30 minutes.

13.     To illustrate, an officer who is scheduled to end his shift at 7:00 p.m. will likely have to remain at his or her post, continuing to maintain custody and control of the inmates in the unit, until the relief officer actually relieves him or her at 7:30 p.m. However, that officer will only be paid for her work up until 7:00 p.m.

14.     In addition, an officer who is relieved from his or her post must then walk to the facility exit, a walk of 5-6 minutes, during which he or she may be called by a superior officer and dispatched to another post or errand. On their walk to the exit, officers are frequently contacted by their superior officers and ordered to continue to work. Officers are not compensated for this extra time worked.

15.     Defendant is aware of this extra time worked and fails to compensate its employees for that time.

16.     As such, Defendant intentionally and repeatedly failed to pay Plaintiffs and other employees for all of the time they worked and also failed to pay Plaintiffs and other employees time and one half for hours worked in excess of forty in a workweek.

**Collective Allegations**

17.    Plaintiffs bring this action as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees employed by Defendant.

18.    The proposed class consists of approximately 450 current and former employees who are similarly affected by the facts detailed above. In addition, the questions to be determined are ones of common and general interest to the many persons constituting the class to which Plaintiffs belong.

19.    Common issues of law and fact exist and will predominate over purely individual questions in this litigation.

**Count I – Violation of State Wage and Hour Laws**

20.    Plaintiffs incorporate herein the previous allegations of this complaint.

21.    Plaintiffs and other employees were not paid all wages due to them on their regular paydays, in violation of New Mexico Statute 50-4-1 through 50-4-30.

22.    As a direct and proximate result of Defendant's failure to pay wages, Plaintiffs have suffered damages in the forms of lost wages and lost use of such wages.

**Count II – Violation of the FLSA (29 U.S.C. § 201 et seq.)**

23.    Plaintiffs incorporate herein the previous allegations of this complaint.

24.    In any workweek in which Plaintiffs worked at least 40 hours, Defendant's failure to pay Plaintiffs at one and one half times their regular rate of pay, for hours in excess of 40, violated the Fair Labor Standards Act, 29 U.S.C. §§206, 207, 215, 216.  As a result of such violations, Plaintiffs, and those similarly situated, are entitled to the damages, fees and expenses as set out in the Fair Labor Standards Act, 29 U.S.C. § 216.

25.     Defendant's failure to pay wages due was willful.

26.     As a direct and proximate result of Defendant's failure to pay wages, its hourly employees, including Plaintiffs, have suffered damages in the form of lost wages and lost use of such wages.

27.     All hourly Correctional Officer, Sergeant and Lieutenant employees of Defendant are similarly situated such that this case should be certified for a collective action under 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray that:

a.      The Court determine that this action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b);

b.      They be awarded compensatory damages;

c.      They be awarded liquidated damages as permitted by law;

d.      The court award Plaintiffs and the class they represent pre-judgment and post-judgment interest as permitted by law; and

e.      The court award Plaintiffs and the class members such other and further relief, including costs and attorneys fees allowed under applicable law, as may be necessary and appropriate.

Dated: July 23, 2009                        Respectfully submitted,


                                            _____/s/_____
                                            Brandt P. Milstein
                                            Shane C. Youtz
                                            YOUTZ & VALDEZ, P.C.
                                            900 Gold Avenue, S.W.
                                            Albuquerque, NM 87102
                                            (505) 244-1200
                                            *Attorneys for Plaintiffs*

I hereby certify that a true and
correct copy of the foregoing
pleading was electronically
served this 23rd day of July,
2009 on the following;

Bernalillo County


_____/s/_____
Brandt P. Milstein