IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHAEL PALM, JAMES FOGHORN, RAY MADRID, CHRISTOPHER TORRES, SKIP MARQUARDT, GUADALUPE AVILA, JANET HILL-KING, KAREN HERRERA, ANTHONY CORDOVA, ERIC ALLEN, MISTI CARMICHAEL, RENE SWANBERG, DEBBIE PADILLA, JOSEPH TRUJEQUE, REYNA MARTINEZ, ROBERT CANDELARIA, MICHAEL LENDINO, DANIEL JANZEN, STEPHEN PERKINS, ANTHONY CANDELARIA, LEE JONES, ADAM TORRES, CLINTON CHRISTISON, ENOCK ARVIZO, JUAN MUNIZ, SHELLY BARTON, and RODNEY HOGHES** on their own behalf and on behalf of all others similarly situated,

        **Plaintiffs,**

vs.

**THE BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY.**

        **Defendant.**

29 U.S.C. § 216(b) Collective Action

No. CIV 09-CV-397 LH-LAM

**MEMORANDUM IN SUPPORT OF STIPULATED MOTION FOR CERTIFICATION OF THE COLLECTIVE ACTION AND FOR COURT-FACILITATED NOTICE TO ALL SIMILARLY-SITUATED EMPLOYEES**

COME NOW the Plaintiffs, by and through their counsel, **YOUTZ & VALDEZ, P.C.** (Shane C. Youtz and Brandt P. Milstein), and file this Memorandum in Support of the Stipulated Motion for Certification of the Collective Action and for Court-Facilitated Notice to All Current and Former Metropolitan Detention Center Correctional Officers, Sergeants and Lieutenants employed by Defendant.

**Introduction**

Because Defendant has stipulated to the Motion seeking this Court's certification of the collective action class under 29 U.S.C. 216(b), and because all proposed class members are similarly situated, the parties move that the Court certify the collective action and that the Court facilitate notice of the option to opt-in to all proposed class members.

> **I.      The Fair Labor Standard Act's Collective Action Device is Appropriately Applied Here.**

Section 216(b) of the FLSA permits an action to recover unpaid overtime wages to be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Congress has thus established the policy that FLSA plaintiffs may proceed collectively and thereby enjoy the advantage of lower individual costs that result from pooling resources. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). The judicial system also benefits from collective actions because such actions facilitate the efficient resolution in one proceeding of common issues of law and fact arising from the same allegedly unlawful activity. Hoffmann-La Roche Inc., 493 U.S. at 170.

Under the collective action mechanism, each employee who wishes to pursue his claims under the federal statute must affirmatively opt in to the case in writing. See 29

U.S.C. §216(b).  For the benefits of a collective action to be realized, potential plaintiffs need to obtain accurate and timely notice concerning the pendency of the collective action, so that they can make an informed decision whether to participate.  <u>Hoffmann-La Roche Inc.</u>, 493 U.S. at 170.

The district courts have a managerial responsibility to oversee the joinder of additional parties so as to assure that the task is accomplished efficiently.  <u>Id.</u> at 170-71.  Part of that management involves overseeing notice to potentially similarly situated employees.  Court-approved notice further removes any concern that Plaintiffs' counsel's communication with the potential plaintiffs concerning the action is inaccurate, or that such communication would be considered unethical solicitation or barratry.  <u>Id.</u> at 171-72 (noting that court involvement in the notice process is inevitable, that the court is not limited to "waiting passively for objections about the manner in which the consents were obtained," and that "by monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative"); <u>see also</u> <u>Tucker v. Labor Leasing, Inc.</u>, 872 F. Supp. 941, 949-50 (M.D. Fla. 1994) (considering, but ultimately declining, to sanction plaintiff's counsel for communicating with potential plaintiffs before court-supervised notice).  Finally, "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action."  <u>Hoffmann-La Roche Inc.</u>, 493 U.S. at 172.

It is important to note that collective actions brought under the FLSA operate very differently from class actions under Fed. R. Civ. Pro. 23:

> In a Rule 23 class action, each person who falls within the class definition is considered to be a class member and is bound by the judgment, favorable or unfavorable, unless he has opted out. . . . By contrast, a putative plaintiff must

3

> affirmatively opt into a § 216(b) action by filing his written consent with the court in order to be considered a class member and be bound by the outcome of the action.

Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001). Because of this fundamental difference, the more stringent requirements of Rule 23 are inapplicable to a § 216(b) collective action. Leyva v. Buley, 125 F.R.D. 512, 514 (E.D. Wash. 1989). Furthermore, "The 'similarly situated' requirement of 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance)." Hipp, 252 F.3d at 1219 (quotation marks and citation omitted).

In light of the law explicated above, and Defendant's stipulation to the Court's order, it is appropriate to afford all current and former Metropolitan Detention Center Correctional Officers, Sergeants and Lieutenants employed by Defendant the opportunity to choose to participate in this litigation. For this reason, the parties respectfully request that the Court certify this case as a collective action and order that the proposed notice attached to the Stipulated Motion for Certification of the Collective Action and for the Court's Approval of the Notice to Class Members be sent to all current and former Metropolitan Detention Center Correctional Officers, Sergeants and Lieutenants employed by Defendant.

### II. All Current and Former Metropolitan Detention Center Correctional Officers, Sergeants and Lieutenants Employed By Defendant are Similarly Situated.

The showing required to prove the "similarly situated" status of potential class members in FLSA collective actions is not a difficult one: A plaintiff meets her burden by showing a "colorable basis" for the claim of similarity. Schwed v. General Electric Co., 159 F.R.D. 373 (N.D.N.Y. 1995). Class members are found to be similarly situated

4

when they have the same employer, are subject to the same employer practices, and the same method of calculation of wages owed. See Hasken v. City of Louisville, 213 F.R.D. 280, 282 (W.D. Ky. 2003). Class members are also found to be similarly situated when they share work location, hours, wages. See Leyva, 125 F.R.D. at 514.

      Here, due to Defendant's stipulation that the proposed class members are similarly situated, Plaintiff only notes that all proposed class members are subject to the same terms and conditions of employment, are monitored and paid via the same method of timekeeping and compensation, all work at the same location, and all have similar shift hours while sharing a common wage scale. See, Exhibit A, Affidavit of Michael Palm.

      Thus, because Defendant has stipulated to the class certification, and for the reasons noted above, all current and former Metropolitan Detention Center Correctional Officers, Sergeants and Lieutenants employed by Defendant are similarly situated for the purposes of this action.

### III. Plaintiffs Should be Afforded Notice of the Pendency of This Suit.

      For the benefits of a collective action to be realized, potential plaintiffs need to obtain accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. Hoffman-La Roche, 493 U.S. at 170. Under the collective action mechanism, each employee who wishes to pursue his claims under the federal statute must affirmatively opt in to the case in writing. See 29 U.S.C. §216(b). It is appropriate, then, to allow all current and former Metropolitan Detention Center Correctional Officers, Sergeants and Lieutenants employed by Defendant to choose to participate, and the Court has discretion to order that notice be sent to such employees in order to facilitate that participation.

Courts are authorized to facilitate notice in these cases provided that the named plaintiffs have complied with the requirement that the action be brought on behalf of themselves and others similarly situated. <u>Church v. Consolidated Freightways, Inc.</u>, 137 F.R.D. 294, 300 (N.D. Cal. 1991); <u>see</u> <u>also</u> 29 U.S.C. § 216(b). That requirement is satisfied in this case.

Thus, the parties propose that the Court certify this action as a collective action to proceed under 29 U.S.C. § 216, and that notice of the right to opt in to the FLSA action be provided all current and former Metropolitan Detention Center Correctional Officers, Sergeants and Lieutenants employed by Defendant via this Court's approval of the attached proposed Notice.

Dated: August 6, 2009                                       Respectfully submitted,

                                                                                **YOUTZ & VALDEZ, P.C.**

                                                                                _____/s/_____
                                                                                 Shane C. Youtz
                                                                                 Brandt P. Milstein
                                                                                 900 Gold Avenue SW
                                                                                 Albuquerque, NM  87102
                                                                                (505) 244-1200
                                                                                *Attorneys for Plaintiffs*

Approved via email message this 24th day of July, 2009 by Peter Auh, counsel for Defendant and served upon Defendant via the CM-ECF system this 6th day of August, 2009.

_____*/s/*_____
Brandt Milstein