**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MICHAEL PALM, et al,**

      **Plaintiffs,**

**vs.**                                    **No. CIV-09-0397 MCA/LAM**

**THE BOARD OF COUNTY COMMISSIONERS**
**OF BERNALILLO COUNTY,**

      **Defendant.**

**ORDER GRANTING PLAINTIFFS' UNOPPOSED[1] *MOTION FOR APPROVAL OF [MODIFIED] NOTICE TO OPT-IN PLAINTIFFS (Doc. 61)***

**THIS MATTER** is before the Court on the Plaintiffs' unopposed *Motion for Approval of Notice to Opt-In Plaintiffs (Doc. 61)* (hereinafter "*Motion*"), filed August 12, 2009. On August 10, 2009, the Honorable M. Christina Armijo, United States District Judge, certified this case as a Collective Action under 29 U.S.C. § 216. *See* ***Order Certifying Collective Action*** *(Doc. 59)* at 2. In this motion, Plaintiffs ask the Court to: (1) approve the ***Notice of Your Right to Join Lawsuit Against Bernalillo County*** *(Doc. 61-2)*; (2) direct counsel for Defendant to provide Plaintiffs' counsel with names and addresses of all potential class members;[2] and (3) direct Plaintiffs' counsel to deliver the approved notice to all potential opt-in plaintiffs. ***Motion*** *(Doc. 61)* at 1-2. On August 20, 2009, the undersigned held a hearing on this motion at which counsel for Plaintiffs and Defendant appeared telephonically, and at which the Court expressed concerns with

---

[1] Plaintiffs failed to state whether they sought concurrence for their ***Motion for Approval of Notice to Opt-In Plaintiffs*** *(Doc. 61)* as required by D. N.M. LR-Civ. 7.1(a). At the August 20, 2009, hearing on this motion, the undersigned asked the parties whether this motion was opposed, and defense counsel stated Defendant does not oppose the motion. The Court, therefore, construes this motion to be unopposed. *See* ***Clerk's Minutes*** *(Doc. 64)* at 1.

[2] Plaintiffs state that "[c]ounsel for Defendant has agreed to provide Plaintiffs with a list of names and addresses of all potential class members." ***Motion*** *(Doc. 61)* at 2.

the *Notice of Your Right to Join Lawsuit Against Bernalillo County* (Doc. 61-2).  *See Clerk's Minutes* (Doc. 64) at 1.  Based on that discussion, Plaintiffs' counsel submitted a *[Modified] Notice of Your Right to Join Lawsuit Against Bernalillo County* to the undersigned on August 26, 2009, which is filed as an attachment to this order.  *Id.*  In addition, at the telephonic hearing the Court imposed the following deadlines: Plaintiffs shall serve Defendant with requests for production or interrogatories regarding the names of all current or former employees who are potential class members by **August 27, 2009**; Defendant shall respond by **October 1, 2009**; Plaintiffs shall send opt-in notices to potential class members with a deadline of **December 1, 2009** to return them to Plaintiffs' counsel; and Plaintiffs shall file all opt-in notices by **December 15, 2009**.  *Id.*; *see also Order Assigning Standard Track and Setting Pretrial Deadlines (Doc. 66)* at 1.  Having considered the *Motion*, relevant law and the record of the case, the Court **FINDS** that the *Motion* should be **GRANTED** to approve the *[Modified] Notice of Your Right to Join Lawsuit Against Bernalillo County*.

Employees may bring suit under 29 U.S.C. § 216(b) on behalf of "other employees similarly situated."  Employees who wish to become party plaintiffs must "consent in writing to become such a party."  29 U.S.C. § 216(b).  The United States Supreme Court has explained that "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity" under Section 216(b), and that "[t]hese benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  The United States Supreme Court in *Hoffman-La Roche* further explained that "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural

authority to manage the process of joining multiple parties." *Id.* However, "courts must be scrupulous to respect judicial neutrality [and] . . . must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.* at 174.

The Court, therefore, will grant Plaintiffs' *Motion* to approve the *[Modified] Notice of Your Right to Join Lawsuit Against Bernalillo County* so that potential opt-in Plaintiffs may receive notice regarding the pendency of this collective action. Entry of this order does not constitute the Court's endorsement of the merits of this action.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion for Approval of [Modified] Notice to Opt-In Plaintiffs (Doc. 61)* is **GRANTED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**