IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHAEL PALM, et al,**

    **Plaintiffs,**

**vs.**                                                  **No. CIV-09-0397 MCA/LAM**

**THE BOARD OF COUNTY COMMISSIONERS**
**OF BERNALILLO COUNTY,**

    **Defendant.**

## ORDER GRANTING *PLAINTIFFS' FIRST MOTION TO COMPEL DISCOVERY AND MEMORANDUM IN SUPPORT (Doc. 98)*

**THIS MATTER** is before the Court on *Plaintiffs' First Motion to Compel Discovery and Memorandum in Support (Doc. 98)* (hereinafter "*Motion*"), filed January 5, 2010.  Defendant did not file a response and the time for doing so has passed.  This failure to respond "constitutes consent to grant the motion."  D. N.M. LR-Civ. 7.1(b).  On January 26, 2010, the Court held a telephonic hearing on the motion at which counsel for both parties appeared.  Having reviewed the motion, response and the record of the case, and having considered the parties' statements at the hearing, the Court **FINDS** that the motion is well-taken and will be **GRANTED**.

Plaintiffs state in their motion that Defendant has inadequately responded to Plaintiffs' Second Set of Interrogatories and Requests for Production, which they served on Defendant on November 4, 2009, despite Plaintiffs agreeing to extensions of the response deadline.  *Motion (Doc. 98)* at 2.  Specifically, Plaintiffs state that Defendant has not served any written answers to Plaintiffs' interrogatories or responses to the requests for production.  *Id.*  While Defendant produced some documents and videotapes, Plaintiffs state that the documents that were produced

are unusable because they are not labeled as to which request they are responsive, and they are not Bates stamped. *Id.* at 3. Further, Plaintiffs state that the timesheets that were produced are inadequate because: (1) they include timesheets for individuals who are not plaintiffs in this action; (2) they only cover the dates of July 2009 through December 2009, when the request was for timesheets from July 1, 2006 through the present date; and (3) they do not include timesheets for all of the Plaintiffs. *Id.* Plaintiffs also state that the Shift Commander Rosters that were produced have gaps in the dates, and that Defendant only produced video footage from one of the four cameras that were requested. *Id.* at 3-4. Plaintiffs ask the Court to compel adequate responses from Defendant and for attorney's fees and costs associated with filing this motion. *Id.* at 5.

At the hearing, counsel for Defendant stated that because of his workload and personal obligations, he has been unable to adequately respond to Plaintiffs' discovery requests. Counsel for Defendant stated that he could comply with all of Plaintiffs' discovery requests except that he is unable to produce the video footage from three of the four cameras further back than 100 days because the earlier footage was not preserved, despite his instructions to his clients to do so. Counsel for Defendant further concedes that his failure to respond constitutes a waiver of objections to Plaintiffs' discovery requests in Plaintiffs' Second Set of Interrogatories and Requests for Production.

**IT IS THEREFORE ORDERED** that *Plaintiffs' First Motion to Compel Discovery and Memorandum in Support (Doc. 98)* is **GRANTED** and Defendant shall respond to Plaintiffs' interrogatories and requests for production by *February 12, 2010*. Defendant shall include Bates stamps on all materials produced, and shall clearly indicate to which discovery request the materials are responsive.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel may submit documentation of the attorney's fees and costs incurred in connection with this motion.  Defendant may respond to the amount of requested attorney's fees within fourteen (14) days.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**