IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL PALM, et al,**

    **Plaintiffs,**

**vs.**                                     **No. CIV-09-0397 MCA/LAM**

**THE BOARD OF COUNTY COMMISSIONERS**
**OF BERNALILLO COUNTY,**

    **Defendant.**

### ORDER GRANTING IN PART PLAINTIFFS' *MOTION FOR PAYMENT OF PLAINTIFFS' ATTORNEY HOURS RELATED TO THE MOTION TO COMPEL DISCOVERY (Doc. 105)*

      **THIS MATTER** comes before the Court on Plaintiffs' *Motion for Payment of Plaintiffs' Attorney Hours Related to the Motion to Compel Discovery (Doc. 105)* (hereinafter "*Motion for Attorney's Fees*"), filed January 26, 2010. Plaintiffs filed this motion after the Court granted *Plaintiff's First Motion to Compel Discovery and Memorandum in Support (Doc. 98)*, and allowed Plaintiffs to submit documentation of Plaintiffs' counsel's attorney's fees and costs incurred in connection with the motion to compel and gave Defendant an opportunity to respond to the amount requested. *See Order Granting Plaintiffs' First Motion to Compel Discovery and Memorandum in Support (Doc. 98) (Doc. 109)* at 3. Defendant's response to the requested amount of attorney's fees and costs was due February 12, 2010, but none was filed. Having considered the motion, the record of this case, and relevant law, the Court **FINDS** that the motion should be **GRANTED in part**.

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," and the Court "has discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986). The Court should exclude from the fee calculation "hours that were not reasonably expended." *Hensley*, 461 U.S. at 434 (citation and quotation marks omitted).

Plaintiffs' counsel states that he spent 16.5 hours "in the course of activities related to the Motion to Compel Discovery," and seeks $3,566.06 (16.5 hours at $200 per hour, plus gross receipts tax of 8.0625%). "**Motion for Attorney's Fees** *(Doc. 105)* at 2. The Court finds that some of the time submitted by Plaintiffs' counsel is excessive. Specifically, the Court finds that a total of 9.75 hours spent conferring with opposing counsel, reviewing documents produced by Defendant, researching the motion to compel deadline, conferring with Plaintiffs' clients, and drafting a letter to opposing counsel is excessive (*see* "**Motion for Attorney's Fees** *(Doc. 105-2)*, entries dated December 18, 2009; December 21, 2009; and December 22, 2009), especially because Plaintiffs' counsel would have had to review the documents produced by Defendant regardless of whether he filed the motion to compel. The Court will allow 6.75 hours total for these tasks. Plaintiffs' counsel also states that he spent .5 hours to "Review filing of Motion to Compel and address exhibit errata message." *Id.*, entry dated January 5, 2010. This time entry appears to be related to a filing issue caused by Plaintiffs' counsel in filing the motion, and the Court finds that it is not reasonably attributable to Defendant's actions necessitating the motion to compel. Finally, Plaintiffs' counsel

requests one hour of compensation to prepare for and attend the hearing on his motion to compel. *Id.*, entry dated January 26, 2010.  The Court finds this entry is excessive because at that hearing the parties and the Court also discussed Plaintiffs' untimely requests for admission, which is time that is not related to Plaintiffs' motion to compel.  *See **Clerk's Minutes** (Doc. 107)* at 2.  The Court will allow .75 hours to prepare for and attend the hearing.  Accordingly, the Court reduces Plaintiffs' counsel's requested hours by 3.75, and grants Plaintiffs' counsel $2,550.00 for attorney's fees ($200 x 12.75 hours), plus gross receipts tax of $205.60, for a total of $2,755.60.

**IT IS THEREFORE ORDERED** that Plaintiffs' ***Motion for Payment of Plaintiffs' Attorney Hours Related to the Motion to Compel Discovery (Doc. 105)*** is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded $2,550 for attorney's fees, plus gross receipts tax of $205.60, for a total of **$2,755.60**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**