IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL PALM, et al,**

    **Plaintiffs,**

**vs.**                                              **No. CIV-09-0397 MCA/LAM**

**THE BOARD OF COUNTY COMMISSIONERS**
**OF BERNALILLO COUNTY,**

    **Defendant.**

**ORDER GRANTING IN PART PLAINTIFFS'** *MOTION FOR PAYMENT OF PLAINTIFFS' ATTORNEY FEES AND COSTS ASSOCIATED WITH THE MISSED 30(b)(6) DEPOSITION (Doc. 120)*

**THIS MATTER** comes before the Court on Plaintiffs' *Motion for Payment of Plaintiffs' Attorney Fees and Costs Associated With the Missed 30(b)(6) Deposition (Doc. 120)* (hereinafter "*Motion for Attorney's Fees*"), filed March 2, 2010. Plaintiffs filed this motion after the Court granted in part Plaintiffs' *Unopposed Motion to Extend Discovery (Doc. 118)*, and allowed Plaintiffs to submit documentation of Plaintiffs' counsel's attorney's fees and costs incurred in connection with Defendant missing the noticed Rule 30(b)(6) deposition on February 23, 2010, and gave Defendant an opportunity to respond to the amount requested. *See Order Granting Unopposed Motion to Extend Discovery Deadline (Doc. 11[8]) (Doc. 119)* at 2. Defendant's response to the requested amount of attorney's fees and costs was due March 8, 2010, but none was filed. Pursuant to the Court's local rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."

D. N.M. LR-Civ. 7.1(b).  Having considered the motion, the record of this case, and relevant law, the Court **FINDS** that the motion should be **GRANTED in part**.

The Court may order sanctions if a person designated under Rule 30(b)(6) "fails, after being served with proper notice, to appear for that person's deposition."  Fed. R. Civ. P. 37(d)(1)(A)(i). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).  Defendant has presented no argument that his failure to appear for the deposition was substantially justified.  The Court, therefore, will award Plaintiffs' counsel reasonable attorney's fees and costs associated with the missed deposition.  The Court notes that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," and the Court "has discretion in determining the amount of a fee award."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986).  The Court should exclude from the fee calculation "hours that were not reasonably expended."  *Hensley*, 461 U.S. at 434 (citation and quotation marks omitted).

Plaintiffs' counsel states that he "incurred 4.75 attorney hours in the course of activities related to the missed Rule 30(b)(6) deposition," and seeks payment of $1,110.88 (4.75 hours at $200 per hour, plus $78.00 for mileage, plus gross receipts tax at 8.0625%).  ***Motion for Attorney's Fees (Doc. 120)*** at 2 and *(Doc. 120-2)* at 1.[1]  The Court finds that Plaintiffs' counsel's request for .5 hours for "Conference with Court staff and re-file Motion for Extension of Discovery and for Sanctions"

---

[1] Plaintiffs' counsel states that the transcriptionist's costs "will be billed directly to Defendant, and, upon information and belief, Defendant's counsel and the transcriptionist have made arrangements for payment thereof."  *Id.*

(*see Motion for Attorney's Fees (Doc. 120-2)* at 1, entry dated February 24, 2010) appears to be related to a filing issue caused by Plaintiffs' counsel, and is not reasonably attributable to Defendant's actions in failing to appear for the 30(b)(6) deposition.  The Court will exclude this .5 hours request.  In addition, the Court finds that Plaintiffs' counsel's request for .25 hours to "Make arrangements with court reporter for re-scheduled [30(b)(6)] deposition" (*see Motion for Attorney's Fees (Doc. 120-2)* at 1, entry dated February 25, 2010) is excessive, and the Court will allow .10 hours instead.  The Court also finds that waiting almost forty minutes at the deposition for the 30(b)(6) witness to show up is excessive as Plaintiffs' counsel should have been able to ascertain the non-appearance within .25 hours.  The Court will allow 2.25 hours for travel to and from the deposition and for ascertaining that the deponent would not appear.  Finally, the Court will allow $.50/mile, instead of the requested $.65/mile, for travel to and from Albuquerque because that is the reimbursement mileage rate set by the General Services Administration.  Accordingly, the Court reduces Plaintiffs' counsel's requested hours by 1.40, approves a total of 3.35 hours, and grants Plaintiffs' counsel $670.00 for attorney's fees ($200 x 3.35 hours), plus $60.00 for mileage, plus gross receipts tax of $54.02, for a total of $784.02.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion for Payment of Plaintiffs' Attorney Fees and Costs Associated With the Missed 30(b)(6) Deposition (Doc. 120)* is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded $670.00 for attorney's fees ($200 x 3.35 hours), plus $60.00 for mileage, plus gross receipts tax of $54.02, for a total of **$784.02**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**