IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHAEL PALM, et al,**

      **Plaintiffs,**

vs.                                         No. CIV-09-0397 MCA/LAM

**THE BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY,**

      **Defendant.**

### ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS AND MEMORANDUM IN SUPPORT (Doc. 116)

**THIS MATTER** is before the Court on *Plaintiffs' Motion for Discovery Sanctions and Memorandum in Support (Doc. 116)* (hereinafter "*Motion*"), filed February 18, 2010. Defendant filed *Defendant's Response to Motion for Discovery Sanctions (Doc. 123)* (hereinafter "*Response*") on March 9, 2010, and Plaintiff filed *Plaintiffs' Reply on the Motion for Discovery Sanctions (Doc. 125)* (hereinafter "*Reply*") on March 17, 2010. On March 25, 2010, the Court held a telephonic status conference to discuss with the parties whether they would be able to proceed with the settlement conference set in this case for April 19, 2010. *Clerk's Minutes (Doc. 129)* at 1. At the status conference, the Court ordered Defendant to produce certain documents, and for the parties to meet to go over the documents and information that counsel for Plaintiffs stated that he had not received but that counsel for Defendant stated he had produced. *Id.* at 2. Per the Court's order at that hearing, Plaintiffs filed *Plaintiffs' First Amended Reply on the Motion for Discovery Sanctions (Doc. 130)* (hereinafter "*Amended Reply*") on March 29, 2010. In that amended reply, Plaintiffs state that Defendant has still not produced all of the discovery that it has been ordered by

-1-

this Court to produce. Having reviewed the motion, response, replies, relevant law, and the record of the case, the Court **FINDS** that the motion will be **GRANTED in part and DENIED in part without prejudice**.

On January 5, 2010, the Court granted *Plaintiffs' First Motion to Compel Discovery and Memorandum in Support (Doc. 98)* and ordered Defendant to respond to Plaintiffs' interrogatories and requests for production by February 12, 2010. *Order Granting* **Plaintiffs' First Motion to Compel Discovery and Memorandum in Support (Doc. 98)** *(Doc. 109)* at 2. Plaintiffs state in their *Motion (Doc. 116)* that Defendant failed to produce all of the discovery requested, and they state that because of this failure to produce they "are prejudiced in the prosecution of their case by Defendant's discovery abuses because they are denied clearly relevant and existent evidence going to central factual and liability allegations plead in their Complaint." *Id.* at 2. Defendant responded that, despite the difficulty involved in obtaining the information requested by Plaintiffs, "it produced enough information to allow Plaintiffs to assess and estimate their asserted damages, and they have not been prejudiced in the prosecution of their case." *Response (Doc. 123)* at 2. Defendant further stated that the parties had agreed to limit the scope of the information that Defendant needed to produce, and that most of that information had been or would be produced to Plaintiffs. *Id.* at 2-3. Plaintiffs replied that even with the parties' agreement limiting the scope of the discovery, Plaintiffs were still in need of certain documents and information. *Reply (Doc. 125)* at 3-6.

At the March 25, 2010 hearing, counsel for Plaintiffs stated that the discovery he still needed was: (1) shift rosters for the eleven representative Plaintiffs from December 2009 through February 2010, sorted in the manner Plaintiffs have requested; (2) shift commander addresses and phone numbers; (3) complete Telestaff records for all Plaintiffs; and (4) video footage from Camera 169 from December 24 and 25, 2009, and February 10, 11 and 12, 2010. *Clerk's Minutes*

*(Doc. 129)* at 1-2.  The Court ordered Defendant to produce the shift rosters that were still needed, and ordered the parties to meet in-person so that Defendant's counsel could show Plaintiffs' counsel how to access any missing information.  *Id.* at 2.  In Plaintiffs' amended reply, Plaintiffs state that Defendant failed to produce: (1) the shift rosters for the "remaining 128 non-representative Plaintiffs;" (2) video footage from Camera 168 for February 19 and 20, 2010 and from Camera 169 from February 10, 11 and 12, 2010; and (3) the Empath employee histories for five employees. ***Amended Reply*** *(Doc. 130)* at 2-3.  Plaintiffs state that because they "are still denied the evidence needed to make a complete proof of their case," they ask the Court to grant them relief under Fed. R. Civ. P. 37(b)(2) by ordering that the facts alleged in Plaintiff's complaint regarding Defendant's alleged violation of the Fair Labor Standards Act be taken as established for purposes of this action establishing that each Plaintiff worked 36 minutes of time that was uncompensated per shift worked, and that this alleged violation be deemed to have been willful.  ***Amended Reply*** *(Doc. 130)* at 3; *see also* ***Motion*** *(Doc. 116)* at 11 and ***Reply*** *(Doc. 125)* at 7.  Plaintiffs also ask for reimbursement of their attorneys' fees and costs relating to the filing of this motion and Plaintiffs' replies, and for a monetary sanction for violation of the Court's order compelling disclosure.  ***Motion*** *(Doc. 116)* at 11-12, ***Reply*** *(Doc. 125)* at 7-8, and ***Amended Reply*** *(Doc. 130)* at 4.

      Under Fed. R. Civ. P. 37(b)(2), when a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including orders directing that designated facts benefitting the prevailing party be taken as established for purposes of the action.  Defendant admits that it failed to comply with the Court's ***Order Granting* Plaintiffs' First Motion to Compel Discovery and Memorandum in Support (Doc. 98)** *(Doc. 109)* (*see* ***Response*** *(Doc. 123)* at 2 ("Defendant was physically unable to produce all the documents ordered by the Court.")), which is sanctionable under Rule 37.  Plaintiffs' request that the Court take Plaintiffs' allegations as

established amounts to a request for an entry of default judgment against Defendant because it would establish Defendant's liability under the Fair Labor Standards Act.  First, the Court notes that the undersigned does not have the authority to enter an order directly granting this relief because it would be dispositive of certain claims and defenses.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; and *Ocelot Oil Corp. v. Sparrow Ind.*, 847 F.2d 1458, 1461-63 (10th Cir. 1988) (holding that a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72 does not extend to issuing discovery sanctions that would constitute involuntary dismissal of an action).  Instead, if the undersigned were inclined to recommend granting such relief, she could do so only by entering a proposed findings and recommended disposition for the presiding judge to consider and rule on.  *See* 28 U.S.C. § 636(b)(1)(B).  In addition, in order to determine whether the relief sought by Plaintiffs should be granted, the Court must consider: "(1) the degree of actual prejudice to the [opposing party]; (2) the amount of interference with the judicial process; [] (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir.1992) (citations and internal quotation marks omitted) (stating that dismissal with prejudice "should be used as a weapon of last, rather than first, resort").  The Court finds that none of these factors weigh in favor of granting the relief requested by Plaintiffs to take as established the facts alleged in their complaint.  First, the remaining discovery in dispute does not establish actual prejudice to Plaintiffs because Plaintiffs have adequate information to prepare for the April 19, 2010 settlement conference and ample time to obtain the remaining information before the September 13, 2010 trial set in this case.  Second, Defendant's failure to produce the remaining discovery has not interfered with the judicial process at this point because it has not delayed the case management deadlines, settlement conference date, or trial date.

Third, Defendant's culpability at this point is minor because Defendant's counsel has continued to produce information and to work with Plaintiffs' counsel in discovery efforts.  *See Amended Reply (Doc. 130)* at 2 (stating that at the Court-ordered March 29, 2010 meeting between counsel, "Defendant produced a number of DVD's containing further videotape evidence and a stack of 'Shift Rosters'").  Fourth, Defendant has not been warned in advance that dismissal was a likely sanction.  Finally, the Court finds that, at this point, a lesser sanction may be effective.

The Court, therefore, finds that Plaintiffs' request to have the Court order that Plaintiffs' claims are established for purposes of this action is premature and will deny Plaintiffs' motion without prejudice as to that request.  The Court will deny Plaintiffs' request in their *Amended Reply (Doc. 130)* at 3 for the five missing Empath employee histories because, as explained at the March 25, 2010 hearing, those were not requested in *Plaintiffs' First Motion to Compel Discovery and Memorandum in Support (Doc. 98)*, so Plaintiffs cannot claim that Defendant failed to comply with the Court's order granting that motion to compel with regards to those documents.  *See Clerk's Minutes (Doc. 129)* at 2.  The Court will, however, grant Plaintiffs' request for sanctions for Defendant's failure to produce shift rosters for the 128 non-representative Plaintiffs and the video footage from Camera 168 for February 19 and 20, 2010 and from Camera 169 from February 10, 11 and 12, 2010, since the Court ordered Defendant to produce that information in its *Order Granting* **Plaintiffs' First Motion to Compel Discovery and Memorandum in Support (Doc. 98)** *(Doc. 109)*.  The Court will order Defendant to pay Plaintiffs **$50.00 per day starting April 5, 2010** for each day it fails to produce these shift rosters and video footage, and, if Defendant has not produced the information by **April 12, 2010**, to pay Plaintiffs **$100.00 per day** for each day after that date that it fails to produce the footage, until **April 26, 2010**.  The Court hereby warns Defendant that if the shift rosters and video footage are not produced by **April 26, 2010**, Plaintiffs

may renew their motion for sanctions and, if warranted, the undersigned will recommend that the facts alleged in Plaintiff's complaint regarding Defendant's alleged violation of the Fair Labor Standards Act be taken as established for purposes of this action establishing that each Plaintiff worked 36 minutes of time that was uncompensated per shift worked, and that this alleged violation be deemed to have been willful.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion for Discovery Sanctions and Memorandum in Support (Doc. 116)* is **GRANTED in part** and **DENIED without prejudice in part**.

**IT IS FURTHER ORDERED** that Defendant pay Plaintiffs **$50.00 per day** for each day it fails to produce the shift rosters for the 128 non-representative Plaintiffs and video footage from Camera 168 for February 19 and 20, 2010, and from Camera 169 from February 10, 11 and 12, 2010, starting on **April 5, 2010**, and, if Defendant has not produced the footage by **April 12, 2010**, to pay Plaintiffs **$100.00 per day** for each day after that date that it fails to produce the footage, until **April 26, 2010**. After that date, Plaintiffs may renew their motion for sanctions asking the Court to deem their claims as established.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel may submit documentation of the attorney's fees and costs incurred in connection with this motion. Defendant may respond to the amount of requested attorney's fees within fourteen (14) days of Plaintiffs' submission.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**