IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL PALM, JAMES FOGHORN,
RAY MADRID, CHRISTOPHER
TORRES, SKIP MARQUARDT,
GUADALUPE AVILA, JANET
HILL-KING, KAREN HERRERA,
ANTHONY CORDOVA, ERIC ALLEN,
MISTI CARMICHAEL, RENE
SWANBERG, DEBBIE PADILLA,
JOSEPH TRUJEQUE, REYNA
MARTINEZ, ROBERT CANDELARIA,
MICHAEL LENDINO, DANIEL JANZEN,
STEPHEN PERKINS, ANTHONY
CANDELARIA, LEE JONES, ADAM
TORRES, CLINTON CHRISTISON,
ENOCK ARVIZO, JUAN MUNIZ,
SHELLY BARTON, and RODNEY
HOGHES on their own behalf and on
behalf of all others similarly situated,

    Plaintiffs,

                                                                No. 09-CV-397 MCA/LAM

vs.

THE BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY,

    Defendant.

**ORDER**

        This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.  This matter is  before the Court for consideration of  an award of attorney's to Plaintiffs' counsel pursuant to 28 U.S.C. §  216(b), which provides that "[t]he court . . . shall, in addition to any to any judgment awarded the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant. . . ."   In setting a reasonable fee pursuant to § 216, the Court is

not bound by the provisions of a contingency fee agreement. *Almodova v. City and County of Honolulu*, 2010 WL 1372298 \*\* 6-7 (D. Hawai'i March 31, 2010).

In a case such as the present, in which a dispute has been settled with the approval of the court and the defendant has agreed to a fixed sum out of which attorney's fees are to be paid, the Court is deprived of the benefits of an adversarial process, since the defendant, having settled for a fixed sum out of which attorney's fees are to be paid, has no financial interest in contesting the reasonableness of the fees requested by plaintiffs' counsel. *Bruner v. Sprint/United Mgt. Co.*, Civ. 2009 WL 2058762 \*10 (D. Kan. July 14, 2009). Further, the Court has no reason to believe Plaintiffs, individually or collectively, have the experience, knowledge or legal ability to question the reasonableness of the fees requested by Plaintiffs' counsel. These circumstances make it especially important for the Court to carefully scrutinize counsel's fee application. *See Silva v. Miller*, 307 Fed. Appx. 349 \* 2 (11th Cir. 2009).

The United States Supreme Court recently reaffirmed a preference for the lodestar method of setting attorney's fees. *Perdue v. Kenny, A.*, \_\_U.S.\_\_, 130 S. Ct. 1662 (2010). As our Court of Appeals has subsequently observed, "[i]n *Perdue* the Court appears to significantly marginalize the twelve-factor *Johnson* analysis," *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1103 (10th Cir. 2010). The "*Johnson* analysis" refers to a twelve factor fee analysis derived from *Johnson v. Georgia Highway Exp. Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Anchondo*, 616 F.3d at 1103 n.3. "The *Perdue* Court clearly embraces the lodestar approach as the preferable alternative to the *Johnson* analysis. . . ." *Id.* at 1103. The lodestar amount, "produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Id.* at 1102.

At the Court's request, Plaintiffs' counsel provided the Court with itemized billing records that permit the Court to engage in the calculation of a lodestar amount: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 1102 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); quotation marks omitted).  Having reviewed the billing records provided by Plaintiffs' counsel, the Court finds that the hours billed by Plaintiffs' counsel on various matters were reasonably expended.  Thus, the remaining issue is the fixing of a reasonable hourly rate measured by "prevailing market rates in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

The party requesting attorney's fees assumes the burden of establishing that the requested rates are in line with those prevailing in the relevant community.  *United Phosphorus, LTD. v. Midland Fumigant*, 205 F.3d 1219, 1234 (10th Cir. 2000). If the party requesting fees fails to provide adequate evidence of prevailing rates in the relevant community, the Court may rely on its own knowledge of  prevailing rates. *Id.* at 1234.  James Piotrowski broadly estimates that his average fee recovery in this type of litigation ranges between $400 and $600 dollars per hour. [Doc. 150-1].  Similarly, Shane C. Youtz estimates his average fee recovery over the previous five years to be $450 per hour. [Doc. 150-2] The Court finds the sparse evidence provided by counsel in support of these rates to be inadequate to establish the reasonableness of these rates by the prevailing standards of the Albuquerque-Santa Fe market for comparable legal services. The rates requested by Plaintiffs' counsel appear at least in part to have been backed out of judicially-approved percentage fee awards and therefore do not reflect actual hourly rates that would be commanded by counsel contracting with FLSA clients on an hourly basis. In this regard, it is difficult to imagine a New Mexico wage earner engaging an attorney to recover back

wages at an agreed upon hourly rate of $650.  The Court notes that earlier in this litigation, Plaintiffs' counsel, Brandt P. Milstein, requested attorney's fees calculated at an hourly rate of $200. [Doc. 132at 2]

The Court finds that Plaintiffs' counsel have failed to demonstrate that the upper-end hourly rates requested by Plaintiffs' counsel are reasonable when measured against the standards of the relevant legal community, Albuquerque-Santa Fe, New Mexico.  In rejecting the upper end rates proposed by counsel, the Court in no way intends to disparage the skill, experience and reputation of Plaintiffs' counsel, or the quality of the work performed by counsel in this case.  The Court is fortunate in having frequent opportunities to observe experienced, highly-qualified New Mexico attorneys litigating cases of a level of complexity and difficulty that match or exceed the complexity and difficulty of the present case.  The Court finds that the lower end fees described in counsel's affidavits are more in line with the Albuquerque-Santa Fe market for cases with the level of complexity demonstrated by the present case, and further finds that an hourly rate of $450 for senior attorneys is fair and reasonable under prevailing standards for comparable legal services in the Albuquerque-Santa Fe market.  The Court similarly has adjusted downward the requested rates for other attorneys and paralegals.  The Court find that hourly rates of $250 for other attorneys and $75 for paralegals are fair and reasonable under prevailing standards for comparable legal services in the Albuquerque-Santa Fe market.

Applying these hourly rates, the Court awards Plaintiffs' counsel $222,725.00 in attorney's fees, and $13,031.25 for paralegal services.  The Court will award gross receipts tax on these awards in the amount of $16,502.94.  These figures result in a total award of $252,259.19.  From this amount, the Court will deduct $3,512.03, representing fees previously awarded by the Court, [Doc. 135] resulting in a net award of fees in the amount of  $248.747.16.

The Court finds that no adjustment of this lodestar amount is warranted as this case does not present special circumstances.  In the absence of special circumstances the lodestar figure adequately accounts for the relevant factors constituting a reasonable attorney's fee.  *Perdue*, 130 S.Ct. at 1673.

**WHEREFORE,**

**IT IS THEREFORE HEREBY ORDERED** that counsel for Plaintiffs are awarded attorney's fees in the amount of $248,747.16, and costs in the amount of $4,145.37.

**IT IS FURTHER ORDERED** that within ten (10) working days from the date of this Order, the parties shall submit a revised stipulated judgment based upon the award of attorney's fees and costs reflected in this Order.

**SO ORDERED this 24th day of November, 2010.**

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE